IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN PENA CHARLES, | Civil No. 3:21-cv-1595 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN CRAIG A. LOWE, | |
| Respondent | |

## MEMORANDUM

### I. Background

On or about September 15, 2021, Petitioner Jonathan Pena Charles ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). For relief, Petitioner requested immediate release from custody or a bond hearing before an Immigration Judge. (*Id.* at p. 4). At the time his petition was filed, Petitioner was detained at the Pike County Correctional Facility, in Lords Valley, Pennsylvania.

On May 20, 2021, an Immigration Judge ordered that Petitioner be removed from the United States to the Dominican Republic. (Doc. 7-1, pp. 15-17). The Board of Immigration Appeals affirmed the Immigration Judge's decision on September 29, 2021. *See Charles v. Garland, et al.*, No. 3:22-CV-288, Doc. 5-6 (M.D. Pa.). On February 4, 2022, the Third Circuit Court of Appeals denied his petition for review. *See Pena Charles v. Att'y Gen. of U.S.*, No. 21-3021, 2022 WL 337000, at *1 (3d Cir. Feb. 4, 2022).

In an effort to ascertain the custodial status of Petitioner, the Court accessed the ICE Online Detainee Locator System, which revealed no matches for detainee Jonathan Pena Charles.[1] Petitioner is no longer in ICE custody; rather, he is currently detained under an order of detention pending trial in his criminal matter. *See Charles v. Betti*, No. 3:22-CV-1559, Doc. 6 (M.D. Pa.). For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II.     Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought. *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when

---

[1] Upon entering Petitioner's alien registration number, A060509153, and his country of birth, Dominican Republic, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee.

2

a prisoner is released from custody before the court has addressed the merits of the petition.").

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. (*See* Doc. 1). The Court finds that Petitioner is not currently suffering from an actual injury traceable to the Respondent, the United States Immigration and Customs Enforcement, since he has been released from federal custody. Thus, there is no longer a case or controversy presented. Therefore, the instant habeas petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); *see also Sanchez v. Attorney General*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released).

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: October 13, 2022